**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

PHILLIP DEWAYNE STEWART
ADC #151956                                                                                            PLAINTIFF

V.                           CASE NO. 5:13-CV-00381 JLH/BD

RAY HOBBS, et al.                                                                                   DEFENDANTS

**RECOMMENDED DISPOSITION**

**I.    Procedures for Filing Objections:**

The following Recommended Disposition has been sent to United States District Judge J. Leon Holmes.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this recommendation.  A copy will be furnished to the opposing party.  Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

   Mail your objections to:

      Clerk, United States District Court
      Eastern District of Arkansas
      600 West Capitol Avenue, Suite A149
      Little Rock, AR 72201-3325

## II.     Background:

Plaintiff Phillip Dewayne Stewart, an Arkansas Department of Correction ("ADC") inmate, filed this lawsuit pro se under 42 U.S.C. § 1983, and is proceeding *in forma pauperis*.  (Docket entries #2, #6)  Mr. Stewart, an African-American, alleges that the named Defendants unlawfully discriminated against him based on his race and that they violated ADC policy and procedure.

Specifically, Mr. Stewart alleges that in September 2013, an ADC officer (not a party to this lawsuit) used a racially derogatory term in addressing him during an incident that apparently resulted in Mr. Stewart's being charged with a disciplinary violation. According to the Complaint, after Mr. Stewart reported the incident, Defendant Hobbs directed internal affairs to investigate the incident, but the two internal affairs officers assigned to conduct the investigation were both Caucasian.

Mr. Stewart also complains that Defendants Gibson and Naylor assigned a Caucasian hearing officer, Defendant Waddle, to preside over his disciplinary hearing. He alleges that Defendant Waddle improperly found him guilty of the rule violation by taking "the side with the white officer."  (#2 at p.8)

Finally, he alleges that Defendant Gibson knew about the unequal treatment, as well as the alleged violations of ADC policy, but failed to remedy the situation. Unfortunately for Mr. Stewart, even if his allegations are true, the conduct he complains of does not rise to the level a constitutional violation.

2

**III.    Analysis:**

    A.    Standard

Federal courts are required to screen prisoner complaints seeking relief against a government entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss any part of a complaint raising claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek money from a defendant who is immune from paying damages. 28 U.S.C. § 1915A(b). To state a claim under 42 U.S.C. § 1983, a plaintiff must plead facts that, if believed, show that a state employee deprived him of a right, privilege, or immunity secured by the United States Constitution or by laws of the United States. 42 U.S.C. § 1983.

    B.    Equal Protection Claim

"The central purpose of the Equal Protection Clause of the Fourteenth Amendment is the prevention of official conduct discriminating on the basis of race." *Washington v. Davis*, 426 U.S. 229, 239, 96 S.Ct. 2040, 2047 (1976). "Proof of discriminatory racial purpose is required to establish an equal protection violation; an official act is not unconstitutional solely because it has a racially disproportionate impact." *Foster v. Wyrick*, 823 F.2d 218, 221 (8th Cir. 1987). "The heart of an equal protection claim is that similarly situated inmates were treated differently and that this difference in treatment bore no rational relationship to any legitimate penal interest." *Weiler v. Purkett*, 137 F.3d 1047, 1051 (8th Cir. 1998) (citing *Timm v. Gunter*, 917 F.2d 1093, 1103 (8th Cir. 1990)).

Simply stated, an equal protection analysis begins with this question:  Has the inmate pleaded facts showing that he was treated differently from others who were similarly situated?  *Rouse v. Benson*, 193 F.3d 936, 942 (8th Cir. 1999).  Here, Mr. Stewart has failed to provide any facts to support such a claim.

The Constitution does not require that the internal affairs officers assigned to investigate the incident be of a certain race.  This is true even though the incident being investigated involved a racial slur.  Likewise, the Constitution does not require that the hearing officer presiding over Mr. Stewart's disciplinary hearing be of any particular race.  In short, the fact that Caucasians investigated the name-calling incident and presided over Mr. Stewart's disciplinary hearing cannot, standing alone, support a constitutional claim.

Furthermore, although Mr. Stewart has alleged that Defendant Waddle found him guilty of the disciplinary infraction, he has not included any facts in his Complaint indicating that Defendant Waddle treated him less favorably than he treated similarly situated inmates who were of a different race.

C.   Violation of ADC Policy

Mr. Stewart also alleges that the Defendants violated ADC policy and procedure.  The Constitution, however, does not require prison officials to follow internal prison policies and procedures.  For that reason, the Defendants cannot be sued under 42 U.S.C. § 1983 for that alleged misconduct.  See *Kennedy v. Blankenship*, 100 F.3d 640, 643 (8th Cir. 1996).


**IV.** **Conclusion:**

The Court recommends that Mr. Stewart's claims be DISMISSED, without prejudice.

DATED this 7th day of January, 2014.

_____
UNITED STATES MAGISTRATE JUDGE